UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case ) No. 07-62583-fra7 |
| HOWARD J. MAIN and AMANDA H. MAIN, | ) |
| Debtors. | ) |
| | ) Adversary Proceeding |
| RICHARD SWANSON and CHARITY SWANSON, | ) No. 08-6237-fra |
| Plaintiff, | ) |
| vs. | ) |
| HOWARD J. MAIN and AMANDA H. MAIN, | ) MEMORANDUM OPINION |
| Defendants. | ) |

Howard and Amanda Main were indebted to Richard and Charity Swanson for $20,000.00 as monumented by a promissory note dated January 25, 2007. No part of the obligation has been paid, and the Mains filed a petition for relief under Chapter 7 of the Bankruptcy Code on September 14, 2007.

The Plaintiffs now seek a judgment excepting their claim from discharge pursuant to Code § 523(a)(2)(A). They further seek revocation of the Debtors' discharge under Code § 727(d). The matter came on for trial in Medford, Oregon, on January 21, 2010. After considering the

Page 1 - MEMORANDUM OPINION

testimony and evidence of parties, the Court concludes that the Plaintiffs have not sustained their burden of proof, and that the Debtors' discharge both generally and of the Plaintiffs' claim, must be allowed.

## I. PROCEDURAL ISSUES

The Debtors' petition for relief was filed on September 14, 2007. The deadline for objection to discharge was set for December 14, 2007. This adversary proceeding was instituted a year later, on December 18, 2008.

Debtors maintain that the adversary proceeding is not timely, and should be dismissed.

The Debtors' petition for relief was a "bare" filing, unaccompanied by schedules. Their schedules were subsequently filed on September 24, 2007. Schedule F, setting out the holders of unsecured nonpriority claims, listed the Plaintiffs' claim under the name of "Richard Swanson, Grants Pass, Oregon 97526." No other address was given. The chapter 7 trustee subsequently reported the case as a "noasset estate," the Debtors' discharge was entered on December 17, 2007, and the case was closed on that date.

Andrea Main wrote to the Plaintiffs on February 4, 2008, disclosing that the Debtors had gone into bankruptcy: "It was our understanding that you were notified by our attorney of this. I believe now that maybe you were not." Charity Swanson testified, without contradiction, that this was the first time that she had heard of the Mains' bankruptcy.

/ / / / /

Page 2 - MEMORANDUM OPINION

When a debt is not listed or scheduled by a debtor with the creditor's name, if known to the debtor, Code § 523(a)(3)(B) excepts from discharge a claim of the sort specified in § 523(a)(2), unless the creditor had notice or actual knowledge of the case in time for a timely filing of an objection to discharge. The Plaintiffs were not aware of the Debtors' bankruptcy until February 4, 2008, or shortly thereafter. While the language of the Code requires only that the creditor's name be indicated, applicable rules and instructions regarding preparation of schedules clearly indicate that an address be added.[1] The parties in this case belong to the same church, had met in person several times, and live in a relatively small community. There is no reason to believe that the Defendants were not aware of, or could not have easily ascertained, the Plaintiffs' address. The notice provided by the schedules in this case was not sufficient to permit discharge of the Debtors' obligation to the Plaintiffs without giving the Plaintiffs an opportunity to object. It follows that the Court must consider the merits of Plaintiffs' claim under Code §§ 523 and 727.

## II. ANALYSIS

Prior to the time the loan was made, it had become known throughout the parties' congregation that Debtors were in dire financial straits. At some point it was agreed that the parties should meet to discuss ways in which the Swansons could assist the Mains (Mrs. Swanson claims that Mrs. Main made the first call; Mrs. Main has no particular memory).

---

[1] See Fed.R.Bankr.P. 1007(b)(1). The official form for disclosure of unsecured claims, Schedule F, requires an address for each creditor.

Page 3 - MEMORANDUM OPINION

The parties met at a local restaurant. The Mains indicated that they needed $15,000.00. It was the Swansons' understanding that this would be enough to bring the Mains' house payments current and pay off all of their other debts, including a considerable sum owed to medical providers for the care of the Mains' son. The Swansons maintained that they were told that the Mains' current obligations would be paid off by the loan proceeds.

After the meeting, the Swansons decided that the Mains would benefit from a larger amount, and agreed to loan $20,000.00. The parties met later to sign the promissory note, which was placed into evidence. Thereafter, the Mains went through all the loan proceeds, but not for the purposes anticipated by the Swansons. The Swansons now hold that they were defrauded because the Mains' financial condition was not what it was represented to be; and that the Mains spent the money for purposes, or to pay debts, not originally disclosed to the Swansons.

Code § 523(a)(2)(A)

11 U.S.C. § 523(a)(2) reads in part as follows:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> * * *
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, *other than a statement respecting the debtor's or an insider's financial condition*; [emphasis added]

In order to prove fraud under § 523(a)(2)(A), a creditor must prove by a preponderance of the evidence each of five elements: (1) the

Page 4 - MEMORANDUM OPINION

1 debtor made a material misrepresentation, (2) with knowledge of its
2 falsity, (3) with the intent to deceive, (4) on which the creditor
3 justifiably relied, and (5) due to which the creditor sustained loss or
4 damage. In re Kirsh, 973 F.2d 1454, 1457 (9th Cir. 1992).

The Plaintiffs' claim fails in two respects:

(1) The exception for false pretenses, a false representation, or actual fraud excludes statements respecting the debtors' financial condition. There is no evidence that the Debtors tendered, or that the Plaintiffs relied, on any written statement regarding the Debtors' finances, or their intended use of the funds. Note that the promissory note is silent on these issues.

(2) Even if Code § 523(a)(2)(A) applied in this situation, the Plaintiffs fail to advance any evidence that the Debtors intended to deceive them.

Code § 727(d)

Code § 727(d)(1) requires that the court revoke a debtor's discharge if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the gaining of such discharge." This requires the showing of an intentional wrong, such as the intentional omission of assets from the debtor's schedules. See 6 Collier on Bankruptcy ¶ 727.15[2] (15th ed. rev.).

/ / / / /
/ / / / /
/ / / / /
/ / / / /

Page 5 - MEMORANDUM OPINION

Because the Plaintiffs presented no evidence that the Debtors obtained their general bankruptcy discharge of debts through intentional wrongdoing, their claim under § 727(d) must fail.[2]

### III. CONCLUSION

For the reasons given, Plaintiffs' claims against the Defendants to except their debt from discharge under Code § 523(a)(2) and for revocation of Defendants' general discharge of debts must be denied. Counsel for Defendants should submit a form of judgment consistent with this memorandum opinion.

FRANK R. ALLEY, III
Bankruptcy Judge

---

[2] The complaint also has a claim under § 727(a)(4) to deny Debtors' discharge. Assuming Plaintiffs could bring such a claim after the discharge has already been granted, the court would also find for Defendants, as there is no evidence implicating any of the situations found in that provision.